# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60473
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2018

Lyle W. Cayce
Clerk

MISSISSIPPI RISING COALITION; RONALD VINCENT; LEA CAMPBELL; PAMELA BLACKWELL,

Plaintiffs - Appellants

v.

CITY OF OCEAN SPRINGS, MISSISSIPPI,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:

Plaintiffs appeal the district court's order dismissing their claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. The district court ruled that plaintiffs lack both Article III and statutory standing. We AFFIRM.

Plaintiffs are a non-profit organization, Mississippi Rising Coalition, and various residents of Ocean Springs, Mississippi. Plaintiffs allege that defendant, the City of Ocean Springs ("the City"), violated the FHA when the City's Board of Aldermen passed a resolution requiring the Mississippi state flag to be flown over city hall and other municipal buildings. Specifically, plaintiffs claim that flying the state flag, which includes the Confederate battle

flag in its canton, amounts to "racial steering" under the FHA because it deters African-Americans from living in or moving to Ocean Springs. *See Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 94 (1979) (defining "racial steering" as "directing prospective home buyers interested in equivalent properties to different areas according to their race").

The FHA states that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or state court . . . to obtain appropriate relief with respect to [a] discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1)(A). An "aggrieved person" means a person who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Under the FHA, then, one must allege the existence of a "discriminatory housing practice" as a threshold requirement to be considered an "aggrieved person" with standing to sue.

We agree with the district court that plaintiffs lack both Article III and statutory standing to bring their FHA claims.

First, plaintiffs have not alleged a sufficient "injury in fact" to confer Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). We recently held that exposure to the Mississippi state flag did not constitute an injury sufficient to confer standing for an equal protection claim. *See Moore v. Bryant*, 853 F.3d 245, 250-53 (5th Cir. 2017) ("That Plaintiff alleges that he personally and deeply feels the impact of Mississippi's state flag, however sincere those allegations are, is irrelevant to . . . standing analysis unless Plaintiff alleges discriminatory treatment."), *cert. denied*, 138 S. Ct. 468 (2017). If exposure to a flag does not injure a plaintiff for equal protection purposes, exposure to the same flag does not injure a plaintiff for FHA purposes either. Plaintiffs' allegations therefore fail to establish Article III standing, as the district correctly held.

No. 18-60473

Second, plaintiffs' allegations also fail to establish statutory standing under the FHA. The only act they allege is the City's resolution requiring the Mississippi state flag to be flown over public buildings. That is not a "discriminatory housing practice" as required by the FHA, and plaintiffs are therefore not "aggrieved persons" under the statute. 42 U.S.C. § 3602(i). Plaintiffs do not allege that the City is refusing to sell or rent homes to African-Americans, or to any other racial group. *See* 42 U.S.C. § 3604(a). Nor do they allege that the City has made housing "unavailable" or "den[ied]" it to anyone. *Id.* Plaintiffs may believe that flying the flag in question makes living in the City less desirable, but the complained-of action does not plausibly equate to making housing unavailable under the statute. *See, e.g., Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157-58 n.13 (3rd Cir. 2002) ("[N]o court has stretched the 'make unavailable or deny' language of § 3604(a) to encompass actions that both (1) do not actually make it more difficult (as opposed to less desirable) to obtain housing and (2) do not directly regulate or zone housing or activities within the home.").

Plaintiffs also invoke 18 U.S.C. § 3604(c), but it does not help their case. That subsection makes it unlawful "[t]o make, print, or publish . . . any notice, statement, or advertisement, *with respect to the sale or rental of a dwelling* that indicates any preference, limitation, or discrimination based on race . . . or an intention to make any such preference, limitation, or discrimination." 18 U.S.C. § 3604(c) (emphasis added.) Even assuming *arguendo* that displaying a state flag could be considered "making" or "publishing" a "notice, statement, or advertisement," that alone does not plausibly suggest that the City has done anything "with respect to the sale or rental of a dwelling." Such a capacious reading of "with respect to the sale or rental of a dwelling" would risk converting any decision by a municipal body into to a potential FHA claim, regardless of its connection to the sale or rental of housing. We decline to read

3

the FHA so broadly. We therefore agree with the district court that plaintiffs cannot be considered "aggrieved persons" capable of suing under the FHA. 42 U.S.C. § 3613(a)(1)(A).

Finally, the City has moved for sanctions and costs against plaintiffs and their counsel. While we disagree with plaintiffs' arguments, sanctions are appropriate only for frivolous appeals—meaning that "the result [of the appeal] is obvious or the arguments of error are wholly without merit and the appeal is taken in the face of clear, unambiguous, dispositive holdings of this and other appellate courts." *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 463 n.12 (5th Cir. 2017) (citations and internal quotations omitted). Although we believe the answer to the question is straightforward, we are aware of no precedent from our court or the Supreme Court concerning whether a resolution requiring flying a state flag on public buildings can give rise to an FHA violation. We therefore decline the City's sanction request.

AFFIRMED. Motion for sanctions DENIED.